## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RICHARD'S CLEARVIEW LLC                                  CIVIL ACTION

VERSUS                                                   NO: 22-2326

STARR SURPLUS LINES INS. CO.                             SECTION: "H"


### ORDER AND REASONS

Before the Court is Plaintiff Richard's Clearview LLC's Motion to Vacate (Doc. 42) this Court's Order Dismissing the Case (Doc. 42). For the following reasons, this Motion is **GRANTED.**


### BACKGROUND

This case arises out of an insurance coverage dispute. Plaintiff Richard's Clearview LLC owns a commercial shopping center insured by Defendant Starr Surplus Lines Insurance Company that was damaged by Hurricane Ida.[1] Plaintiff reported a claim to Defendant on September 13, 2021, and on November 30, 2022, Plaintiff presented Defendant with reports detailing over $27,000,000 in damage. Defendant paid Plaintiff $500,000 on December 3, 2021, and to date there have been no other payments.

On April 7, 2022, Plaintiff's insurance broker requested a loss run for the shopping center from Defendant and submitted the figure to other insurers to

---

[1] Defendant issued an insurance policy to Plaintiff bearing Policy No. SLSTPTY11446721 ("the Policy"). Doc. 11-4 at 1.

obtain property insurance.[2] The loss run provided by Defendant showed that the loss from Hurricane Ida to the shopping center potentially exceeded $9,800,000. Plaintiff asserts that this figure prevented it from obtaining adequate property insurance on the shopping center.[3] As a result of this inability to obtain adequate property insurance, Plaintiff alleges that it will be irreparably injured. Plaintiff specifically alleges that it could suffer uninsured losses if the shopping center is damaged by wind and that it could be put in default of its loan agreement with Hancock Whitney Bank for failing to maintain insurance on the shopping center.[4] The parties dispute whether further amounts are owed under the policy and what information is required to substantiate Plaintiff's claim.[5] Plaintiff filed suit on July 1, 2022, and this case was removed to this Court on July 26, 2022. This Court dismissed the case on November 4, 2022, pursuant to a mandatory and enforceable forum selection clause within the Policy.[6]

Now before the Court is Plaintiff's Motion to Vacate this Court's Order and Reasons dismissing the case. Plaintiff argues that the Order is void because the Court lacked subject matter jurisdiction. Defendant opposes.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 provides a mechanism by which a party may seek relief from a final judgment, order, or proceeding.[7] Federal

---

[2] A loss run is an insurer's own estimate of the amount of potential liability that the insurer could be required to pay on a certain claim. These are generally required by statute and help the insurer budget their finances. Doc. 15 at 3.
[3] Doc. 11-4 at 4.
[4] *Id.* at 9.
[5] Doc. 15 at 4.
[6] Doc. 42.
[7] FED. R. CIV. P. 60.

Rule of Procedure Rule 60(b) provides the grounds upon which a party may seek relief from a final judgment. These grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Usually, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[8] Motions under Rule 60(b)(4), however, do not follow the usual rules. A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law."[9] As Plaintiff's Motion to Vacate is challenging this Court's subject matter jurisdiction, it is appropriately analyzed as a motion under Rule 60(b)(4). If a party alleges that the judgment lacked subject matter jurisdiction, a challenge under Rule 60(b)(4) will only be sustained when there was a "clear usurpation of power" or "a total want of jurisdiction."[10] Unlike the rest of Rule 60(b), "Rule 60(b)(4) motions leave no margin for consideration of the district court's discretion as the judgments themselves are by definition either legal

---

[8] FED. R. CIV. P. 60(c)(1).

[9] Brumfield v. La. State Bd. of Educ., 806 F.3d 289, 298 (5th Cir. 2015) (quoting Williams v. New Orleans Pub. Serv., Inc., 728 F.2d 730, 735 (5th Circ. 1984)) (internal quotations omitted).

[10] Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 (5th Cir. 2003) (citing Nemaizer v. Baker, 793 F.2d 58, 64–65 (2d Cir. 1986)).

nullities or not."[11] Further, as "the mere passage of time cannot convert an absolutely void judgment into a valid one," Rule 60(b)(4) motions are not subject to a time limit, and the court must void the judgment if it finds that subject matter jurisdiction was lacking.[12]

## LAW AND ANALYSIS

Plaintiff argues that the Order must be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4) because this Court never had subject matter jurisdiction. Defendant opposes because under Fifth Circuit caselaw "a Rule 60(b)(4) challenge to jurisdiction should be sustained only where there is a 'clear usurpation of power' or a 'total want of jurisdiction.'"[13] According to Defendant, Plaintiff cannot carry its burden.

The evidence submitted along with Plaintiff's Motion and Reply reveals that this Court indeed lacked subject matter jurisdiction.[14] "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."[15]

Subject matter jurisdiction in this case is based on 28 U.S.C. § 1332, which requires that all parties are completely diverse and the amount in controversy exceeds $75,000.[16] Plaintiff's original complaint filed in state court alleges that it is "domiciled in Jefferson [P]arish, Louisiana."[17] Defendant

---

[11] *Id.* at 296 (quoting Carter v. Fenner, 136 F.3d 1000, 1005 (5th Cir. 1998) (internal quotations omitted)).
[12] Jackson v. FIE Corp., 302 F.3d 515, 523–24 (5th Cir. 2002).
[13] Perret v. Handshoe, 708 F. App'x 187, 188 (5th Cir. 2018).
[14] Docs. 43, 47.
[15] Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) (quoting *Ex parte* McCardle, 74 U.S. 506, 514 (1868)).
[16] 28 U.S.C. § 1332.
[17] Doc. 1-2 at 3.

removed to this Court as it is a corporation incorporated in Texas with its principle place of business in New York.[18] In its Notice of Removal, Defendant stated that complete diversity existed because Plaintiff is a limited liability company with three members-managers domiciled in Louisiana.[19] Inexplicably, Plaintiff neither contested these jurisdictional facts, nor challenged removal.

Plaintiff now asserts, however, that there is no diversity of citizenship. Plaintiff provides evidence that two of its twenty-two members are Texas citizens.[20] Citizenship for limited liability companies is determined by the citizenship of every member.[21] Plaintiff alleges that two members, Rosalind Marvin and Loretta Ruth Royal, are citizens of Texas.[22] Ms. Royal's driver's license and tax documents reveal that she is a citizen of Texas.[23] Ms. Marvin's voter registration, utility bill, mortgage, and declaration reveal that she is also a citizen of Texas.[24] Defendant's request for jurisdictional discovery is unnecessary as Plaintiff has provided sufficient evidence to establish the citizenship of both Ms. Marvin and Ms. Royal.

Although Plaintiff never affirmatively misrepresented information to this Court regarding the citizenship of its members, it was not forthcoming.[25]

---

[18] Doc. 1 at 2.
[19] *Id.* Defendant concluded that these three member-managers were domiciled in Louisiana because the Louisiana Secretary of State's website showed all three had their address listed as 4436 Veterans Boulevard, Metairie, Louisiana.
[20] Doc. 43-1 at 2-3.
[21] Americold Realty Trust v. Conagra Foods, Inc., 577 U.S. 378 (2016).
[22] Loretta Ruth Royal is the trustee and beneficiary of the Ruth Richards Royal Trust and as such, her citizenship is the relevant inquiry for diversity purposes.
[23] Docs. 45-6, 45-7.
[24] Docs. 45-10, 45-11.
[25] Trevino v. Michelin N. Am. Inc., No. 04-165, 2006 WL 778609 (S.D. Tex. Mar. 23, 2006). Defendants cite to this case where the court denied a Rule 60(b)(4) motion premised on a lack of subject matter jurisdiction because it "had a reasonable basis on which it determined it had diversity jurisdiction." *Id.* at 9. This case is distinguishable, because in *Trevino* the court previously ruled on a motion to remand and affirmatively held that there was subject matter jurisdiction based on various statements by the plaintiff that she resided in Texas. The court

Determining the citizenship of limited liability companies is notoriously difficult because much of the relevant information regarding membership remains in the hands of the owner. Defendant acted with due diligence and cited all publicly available information in its Notice of Removal. Based on this information, it appeared that this Court had diversity jurisdiction. Unfortunately, there was no arguable basis for subject matter jurisdiction. Under Rule 60(b)(4), the Order dismissing this case is void, and it must be vacated.

## CONCLUSION

Based on the foregoing, the Motion to Vacate is **GRANTED. IT IS ORDERED** that this case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson for further proceedings.

New Orleans, Louisiana this 6th day of February, 2023.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

lists eight affirmative representations in the record where the plaintiff asserted she lived in Texas. This instant case appears to be premised upon Plaintiff's misunderstanding of the applicable standard for diversity of citizenship for limited liability companies. While Plaintiff's failure to challenge Defendant's jurisdictional facts in the Notice of Removal is perplexing, it does not rise to the level of the affirmative misrepresentations present in *Trevino*.